DECISION AND JUDGMENT ENTRY
{¶ 1} Anthony W. Hicks appeals from his unlawful sexual conduct with a minor conviction and sentence in the Highland County Common Pleas Court. On appeal, Hicks contends that his conviction is against the manifest weight of the evidence. Because substantial evidence supports the jury's guilty verdict, we disagree. Accordingly, we overrule Hicks's sole assignment of error and affirm the judgment of the trial court.
 I. {¶ 2} A Highland County Grand Jury indicted Hicks on one count of unlawful sexual conduct with a minor, a felony of the fourth degree, in violation of R.C. 2907.04(A). Hicks pled not guilty and the matter proceeded to a jury trial.
 A. The State's Version of Facts At Trial *Page 2 {¶ 3} The 14-year-old alleged victim (hereinafter "victim") stayed overnight with her 14-year-old school friend (hereinafter "B.B."). They snuck out late at night to go see Harrison Beane, B.B.'s 24-year-old boyfriend. Hicks, who was 22-years-old, lived with Beane in an apartment in Hillsboro. Once at the apartment, B.B. and Beane went upstairs to Beane's bedroom, leaving Hicks alone with the victim.
 {¶ 4} Hicks and the victim started kissing one another. Hicks touched the victim in her private area; removed her clothing; performed oral sex on her; and then had sexual intercourse with her. Hicks knew that the victim was 14-years-old.
 {¶ 5} The victim reported the incident to her mother. Her mother then notified law enforcement. During the investigation, a detective interviewed Hicks, at which time, Hicks confessed to having sex with the victim. He further admitted that he knew she was 14-years-old.
 B. Defendant's Version of Facts at Trial {¶ 6} Hicks testified on his own behalf. He lived with Beane for about a year. He knew B.B. but did not approve of Beane's relationship with her. He told B.B. to leave their apartment on many occasions.
 {¶ 7} On the night in question, he was asleep when awakened by a television playing. He went downstairs and found the alleged victim sitting on the couch. He did not know her. He asked her how she got into the apartment, and she replied, "B.B." He told Beane that B.B. and the alleged victim had to leave, and they left. *Page 3 
 {¶ 8} He said that a detective later interviewed him. He thought that he was being accused of rape. He denied any sexual activity with the alleged victim. However, the detective lied to him and told him that he had a medical report that showed he had sexual activity with the alleged victim. After this lie, Hicks told the detective that he did have sex with the alleged victim.
 {¶ 9} However, at trial, Hicks denied that he had engaged in sexual intercourse or any other form of sexual activity with the alleged victim. He claimed that he only saw her for 30 to 45 seconds.
 C. {¶ 10} After hearing the above testimony, the jury returned a verdict of guilty as charged. The court accepted the jury's verdict and sentenced Hicks accordingly.
 {¶ 11} Hicks appeals his conviction and sentence and asserts the following assignment of error: I. "THE VERDICT OF GUILTY AGAINST APPELLANT WAS AGAINST THE WEIGHT OF THE EVIDENCE."
 II. {¶ 12} In his sole assignment of error, Hicks contends that the jury's verdict is against the manifest weight of the evidence.
 {¶ 13} In determining whether a criminal conviction is against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction *Page 4 
must be reversed and a new trial granted. State v. Garrow (1995), 103 Ohio App.3d 368, 370-71. "A reviewing court will not reverse a conviction where there is substantial evidence upon which the court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." State v. Eskridge (1988),38 Ohio St.3d 56, paragraph two of the syllabus.
 {¶ 14} The trier of fact is free to believe or disbelieve a witness's testimony in whole or in part. State v. Wagner (Feb. 29, 2000), Pickaway App. No. 99CA23, citing Swanson v. Swanson (1976), 48 Ohio App.2d 85,97. Whether the evidence supporting a defendant's conviction is direct or circumstantial does not bear on our determination. "Circumstantial evidence and direct evidence inherently possess the same probative value and therefore should be subjected to the same standard of proof."State v. Jenks (1991), 61 Ohio St.3d 259, paragraph one of the syllabus (superseded by state constitutional amendment on other grounds).
 {¶ 15} R.C. 2907.04(A) states: "No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard."
 {¶ 16} R.C. 2907.01(A) defines "sexual conduct" as "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into *Page 5 
the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse."
 {¶ 17} Hicks contends that the greater amount of the credible evidence did not establish that he had sex with the fourteen-year-old victim.
 {¶ 18} Here, the jury heard direct evidence from the victim and from Hicks. The jury believed the victim's version. The jury, as the trier of fact, is free to believe or disbelieve a witness's testimony in whole or in part. We cannot say, in resolving conflicts in the evidence, that the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted. The victim described having oral and vaginal sex with Hicks, and included details about him placing a towel beneath her. B.B. heard moans coming from downstairs. In addition, Hicks originally admitted to a detective that he had sex with the victim.
 {¶ 19} Likewise, the testimony supported the jury's conclusion that Hicks knew that the victim was under the age of sixteen or was reckless in that regard. B.B. indicated that Hicks was specifically told that the victim was 14-years-old. Hicks originally confessed that he knew that she was fourteen-years-old. The state introduced a photo to show that just simply observing the victim would call her age into question. In addition, Hick's roommate was having a relationship with fourteen-year-old B.B., a friend of the victim. The jury could reasonably conclude that Hicks knew the victim was of like age.
 {¶ 20} Therefore, we find substantial evidence upon which the jury could reasonably conclude that all the elements of unlawful sexual conduct with a *Page 6 
minor were proven beyond a reasonable doubt. Consequently, we find that Hick's conviction is not against the manifest weight of the evidence.
 {¶ 21} Accordingly, we overrule Hick's sole assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 7 
 JUDGMENT ENTRY
It is ordered that this JUDGMENT BE AFFIRMED and that Appellant pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
 Harsha, J. and McFarland, J.: Concur in Judgment and Opinion. *Page 1